IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 2:15-cv-0814 |
| v. | ) ) ) | District Judge David S. Cercone Magistrate Judge Lisa Pupo Lenihan |
| RAY MABUS, *Secretary of the Navy*, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | ECF No. 1 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark this case closed.

### II. REPORT

Plaintiff, Frederick Banks, commenced this civil action on June 22, 2015 in this Court by filing a Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) on Form AO 240, "Application to Proceed in District Court Without Prepaying Fees or Costs." Pursuant to 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed in forma pauperis, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

1

Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint...is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd,* 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly

2

abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

Plaintiff, who describes himself as an American Indian, brings this action in the form of a Complaint for a Writ of Mandamus (ECF No. 1-1), in which he names 19 Defendants consisting of Ray Mabus, Secretary of the Navy, and his confidential assistant, Sam Erhart, NCIS (Navy Criminal Investigative Service), Acting Secretary of the Navy Stackley, Lt. Col. Popella, and Navy Sea Service Command in Washington, D.C.; U.S. Senator Bob Casey, his Chief of Staff, Jim Brown, and the supervisor in his Pittsburgh office, Elizabeth Fishback; the Federal Bureau of Investigation ("FBI"), the Director of the FBI, James Comey, and Special Agents Sean Langford and Timothy Pivnichny; U.S. Senator Pat Toomey; the Central Intelligence Agency ("CIA") and the Director of the CIA, Jim Brennan; the Capitol Police, Capitol Police Agent Blasey, and the Capitol Police Supervisor, Sargent Bell. Plaintiff alleges that Defendants, as agents and officers of the United States, owe him "a duty, pursuant to their Constitutional Oaths of Office and the Trust Relationship in the 1868 Treaty of Fort Laramie, 15 Stat 635 to uphold the U.S. Constitution of the USA including the Due Process and Unlawful takings clauses of the Fifth Amendment." Compl. ¶1 (ECF No. 1-1 at 1). Plaintiff also alleges that Defendants violated their duties under the "bad men" clause of the Sioux Treaty of Fort Laramie. *Id.*

In support, Plaintiff newly alleges in this civil action that Defendants Mabus and Erhart did nothing to investigate his claims that Navy Sea Systems Command in Washington, D.C. was sending a wireless signal via satellite in real time to harass him electronically using synthetic technology because of lawsuits he filed against the federal

3

government. *Id.* at ¶2 (ECF No. 1-1 at 1-2). According to Plaintiff, the gist of the harassing communications was that the Navy was seeking to have him stop filing suits against the federal government. *Id.* (ECF No. 1-1 at 2). Plaintiff further contends that the harassing communications from the Navy continued around the clock since 2012. *Id.*

In addition, Plaintiff reasserts many of the same allegations pled in numerous other civil actions filed by Plaintiff in this District, and most recently in Case No. 2:15-cv-779, as to the remaining defendants, i.e., that in 2004 Defendant Timothy Pivnichny, a special agent with the FBI, allegedly held a gun to his former fiance's head and refused to return Plaintiff's property, and the other Defendants covered this up and/or failed to investigate, despite being informed of same by Plaintiff. *Id.* at ¶¶ 2-3 (ECF No. 1-1 at 2). Moreover, as a result of Plaintiff's contacts with Senator Casey's office three months prior to filing this lawsuit, Plaintiff contends that Fishback contacted the Capitol Police who, in turn, through Agent Blasey, called Plaintiff, refused to investigate his allegations, and told him not to have any further contact with Senator Casey's office. *Id.* In addition, Plaintiff alleges that the FBI contacted and employed the CIA to harass him electronically using a technology known as Synthetic Telepathy. *Id.* As such, Plaintiff contends that the conduct described above shows that Defendants retaliated, discriminated and violated his constitutional rights to petition the government for redress in violation of the First Amendment and their duty owed to him to uphold the U.S. Constitution. *Id.*

For relief, Plaintiff seeks a writ of mandamus which: (1) orders Defendants Fishback, Brown, Casey and Toomey to contact the FBI and ascertain the status of his

property and make an official inquiry as to why his claims have not been investigated; (2) orders the Capitol Police and its agents, including Blasey and Bell to "cease and desist directing Plaintiff to not have contact with Senator[ ] Casey's office when he has issues of legitimate concern that DO NOT INVOLVE ANY COURT CASE"; (3) gives notice that Congress has the power to investigate Plaintiff's claims under *CIA v. Sims*, 471 U.S. 159 (1985); and (4) orders the Navy Secretary and the officers and agents of the Navy to "CEASE AND DESIST ANY AND ALL ELECTRONIC HARASSING COMMUNICATIONS with the Plaintiff." *Id.* at ¶4 (ECF No.1-1 at 3). Plaintiff also seeks monetary damages from Defendants in the amount of $600,000,000 for their alleged involvement in "a massive cover up and conspiracy" to deny him his constitutional rights. *Id.* at ¶2 (ECF No. 1-1 at 2).

The motion for IFP is defective in two respects. First, it does not attach service copies for each defendant named in the complaint or the required Marshal's 285 form completed for each defendant. More importantly, Plaintiff has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true,

> and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis*. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Plaintiff has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed in forma pauperis be denied and the case closed. Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit either the required certification statement or the $400 filing fee.

## III.  CONCLUSION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: July 2, 2015

BY THE COURT:

*signature*

LISA PUPO LENIHAN
U. S. Magistrate Judge

cc: Frederick Banks
600 Grant Street
Suite 660
Pittsburgh, PA   15219
*Via First Class Mail*